**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Nina Ward and Benjamin Ronald Clayton, Sr.,
Appellants.

In the interest of minors under the age of eighteen.

Appellate Case No. 2016-002327

———————————

Appeal From Charleston County
Daniel E. Martin, Jr., Family Court Judge

———————————

Unpublished Opinion No. 2017-UP-331
Submitted June 30, 2017 – Filed July 28, 2017

———————————

**AFFIRMED**

———————————

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellants.

Scarlet Bell Moore, of Greenville, for Respondent.

Jessica Lynn Means, of Hall & Means, LLC, of
Charleston; and Joshua Keith Roten, of Summerville,
both for the Guardian ad Litem.

**PER CURIAM:**  Nina Ward (Mother) and Benjamin Ronald Clayton, Sr. (Father), appeal the family court's order terminating their parental rights to their minor children (Children).[1]  On appeal, Mother and Father argue the family court erred in (1) finding they failed to remedy the conditions that caused Children's removal from the home, (2) finding they willfully failed to support Children, (3) finding Children lived in foster care for fifteen of the most recent twenty-two months when it was not a ground pled in the Department of Social Services's (DSS's) complaint, (4) finding termination of parental rights (TPR) was in Children's best interest, and (5) admitting hearsay testimony of a therapist via a written letter when the therapist did not testify.  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.  Further, de novo review does not relieve the appellant of the burden of convincing this court that the preponderance of the evidence is against the findings of the family court.  *Id*. at 392, 709 S.E.2d at 655.

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and also finding TPR is in the best interest of the child.  S.C. Code Ann. § 63-7-2570 (Supp. 2016).  The grounds for TPR must be proven by clear and convincing evidence.  *Dep't of Soc. Servs. v. Mrs. H*, 346 S.C. 329, 333, 550 S.E.2d 898, 901 (Ct. App. 2001); *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  The TPR statute "must be liberally construed in order to ensure prompt judicial procedures for freeing minor children from the custody and control of their parents by terminating the parent-child relationship."  S.C. Code Ann. § 63-7-2620 (2010).

We find clear and convincing evidence shows Mother and Father failed to remedy the conditions that caused Children's removal.  *See* S.C. Code Ann. § 63-7-2570(2) (Supp. 2016) (stating a statutory ground for TPR is met when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order or by agreement

---

[1] Collectively, Children refer to Child J, Child R, Child D, and Child Q.

between [DSS] and the parent[,] and the parent has not remedied the conditions which caused the removal"). Children entered foster care on October 17, 2013, after Mother subjected one of them to excessive corporal punishment, and Mother and Father physically neglected them because of drug use. At the November 14, 2013 merits hearing, the family court ordered Mother and Father to complete a placement plan. The placement plan was amended on February 19, 2014, to require Mother to complete abuse clarification therapy, and Mother and Father to complete protection clarification therapy.

Mother and Father failed to complete their respective clarification therapy. Mother admitted she was discharged from her clarification therapy at Dee Norton Lowcountry Children's Center (the Children's Center). Taylor Brown, a DSS case manager, testified Mother failed to engage in any clarification therapy since her discharge from the Children's Center. Although a family court order permitted Mother's clarification therapy at the Medical University of South Carolina Crime Victim's Center (MUSC), Brown testified her records did not indicate Mother enrolled in or completed that program. During the TPR hearing, Mother expressed an interest in completing her clarification therapy at MUSC; however, she presented no evidence of her enrollment or completion. Further, Brown testified Father failed to complete protection clarification therapy. Although Father claimed he was unaware the family court ordered him to complete the therapy, he acknowledged his failure to do so. Thus, we find Mother and Father failed to remedy the conditions that caused Children's removal.

Additionally, we find clear and convincing evidence shows Children were in foster care for fifteen of the most recent twenty-two months preceding the TPR hearing.[2] *See* S.C. Code Ann. § 63-7-2570(8) (Supp. 2016) (providing a statutory ground for TPR is met when "[t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months"); *S.C. Dep't of Soc. Servs.*

---

[2] Mother and Father's argument that DSS's oral amendment to include this statutory ground violated due process is unpreserved for appellate review. When DSS moved to amend its complaint at the beginning of the hearing, Mother and Father did not object. Therefore, this argument is unpreserved. *See Charleston Cty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 104-05, 627 S.E.2d 765, 775 (Ct. App. 2006) (finding father's claim that TPR violated due process was not preserved because the issue was not raised to or ruled upon by the family court); *Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 654 (2006) (noting procedural rules are subservient to the court's duty to protect minors but declining "to exercise [its] discretion to avoid application of the procedural bar").

*v. Sims*, 359 S.C. 601, 608, 598 S.E.2d 303, 307 (Ct. App. 2004) ("A finding pursuant to [subsection (8)] alone is sufficient to support [TPR]."). Children were removed from the home on October 17, 2013, and at the time of the TPR hearing, Children had been in foster care for approximately thirty-four months.

We find Mother and Father's reliance on *Charleston County Department of Social Services v. Marccuci*, 396 S.C. 218, 721 S.E.2d 768 (2011), is misplaced. In *Marccuci*, DSS delayed bringing the initial merits removal hearing for approximately eighteen months, making "it impossible for the parties to regain legal custody of [child] prior to the expiration of the fifteen month period." *Id.* at 227, 721 S.E.2d at 773. Our supreme court concluded that case "represent[ed] an 'instance[] where this statutory ground would not support [TPR].'" *Id.* at 226, 721 S.E.2d at 773 (quoting *Jackson*, 368 S.C. at 102 n.8, 627 S.E.2d at 773 n.8).

In contrast, here, the merits hearing was timely held, and Mother and Father were ordered to complete a placement plan in the December 29, 2013 merits order. The placement plan was amended in February 19, 2014 to require Mother and Father to complete clarification therapy. At the time of the TPR hearing Mother and Father had not completed clarification therapy, which was necessary before Children could be safely returned to Mother and Father. Therefore, the delay in reunification was not attributable to DSS but rather due to Mother's and Father's failure to complete the services set forth in the placement plan. *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 336, 741 S.E.2d 739, 746 (2013) (explaining section 63-7-2570(8) may be used to sever parental rights when it is in the best interest of a child and "the delay in reunification of the family unit is attributable not to mistakes by the government, but to the parent's inability to provide an environment where the child will be nourished and protected"). Thus, we find clear and convincing evidence supports this statutory ground for TPR.[3]

Further, viewed from Children's perspective, we find TPR is in their best interest. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (stating in a TPR case, the best interest of the child is the paramount consideration); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); S.C. Code Ann. § 63-7-2510 (2010) ("The purpose of [the TPR statute] is to establish

---

[3] We decline to address the remaining statutory ground. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (stating an appellate court does not need to address a TPR ground if it finds clear and convincing evidence supports another TPR ground).

procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ."); *Sarah W.*, 402 S.C. at 343, 741 S.E.2d at 749-50 ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").

Children entered foster care after Mother subjected one of them to excessive corporal punishment, and Mother and Father physically neglected them because of drug use. Despite the family court ordering Mother and Father to complete clarification therapy, they failed to do so. Because Mother and Father failed to complete this important portion of their placement plan focused on preventing abuse and neglect, it is not reasonably likely they will be able to provide a safe and suitable home for Children.

Additionally, the evidence suggests Children will achieve stability and permanency through adoption if TPR is affirmed. *See S.C. Dep't of Soc. Servs. v. Cameron N.F.L.*, 403 S.C. 323, 329, 742 S.E.2d 697, 700 (Ct. App. 2013) ("[T]his court has considered future stability when determining whether TPR is in a child's best interest."). At the time of the TPR hearing, Children had been in foster care for approximately thirty-four months. The GAL testified Child R informed her before the TPR hearing that he was finished waiting and being "in limbo"—he wanted to be adopted. Brown testified Child R and Child D wanted to be adopted. The testimony indicated Children's foster families were interested in adopting them. DSS and the GAL also indicated Children were doing well with their foster families and believed TPR was in Children's best interest. Although we acknowledge Mother, Father, and Children love each other, and Children will not all be placed in the same adoptive home, under these facts, we find TPR is in Children's best interest.

Finally, Mother and Father argue the family court erred in admitting testimony of the therapist via a written letter because it was inadmissible hearsay. *See* Rule 801(c), SCRE (defining hearsay as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"); Rule 801(a), SCRE (providing a statement may include a written assertion); Rule 802, SCRE ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court of this State or by statute."); Rule 7(c), SCRFC (noting that in family court, "[t]he written statement by a physician showing that a patient was treated at certain times and the type of ailment" shall be admissible without requiring the person or institution issuing the document or statement to be present in court).

We agree the letter from the therapist constituted inadmissible hearsay.  Although Rule 7(c), SCRFC, permits "[t]he written statement by a physician showing that a patient was treated at certain times and the type of ailment" without requiring the person or institution issuing the document to be present in court, this letter included statements beyond what Rule 7(c), SCRFC, permits.  Nevertheless, we find the family court's admission of this letter was harmless because the relevant portions of the letter were cumulative to other testimony presented during the TPR hearing.  *See Smith*, 343 S.C. at 140, 538 S.E.2d at 290-91 (applying harmless error analysis to cumulative testimony in a TPR case).  Mother admitted in her testimony that she was unsuccessfully discharged from the clarification program at the Children's Center.  Additionally, Brown testified independently from the letter that Mother failed to complete clarification therapy.  Therefore, we find the family court's admission of the letter was harmless because its relevant contents necessary to this court's analysis were cumulative to other testimony presented during the hearing.

Based on the foregoing, the decision of the family court is

**AFFIRMED.**[4]

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.